**Brent HAMPTON, Petitioner–
Appellant,**

v.

**Brian E. BELLEQUE, Respondent–
Appellee.**

No. 07–35988.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 21, 2009.

C. Renee Manes, Assistant Federal Public Defender, Federal Public Defender's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Office, Portland, OR, for Petitioner–Appellant.

David B. Thompson, Assistant Attorney General, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Oregon state prisoner Brent Hampton appeals from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Hampton contends that his trial counsel was ineffective for improperly advising him on his sentencing exposure after trial, resulting in the rejection of a plea offer. Hampton has not demonstrated that his counsel's performance was deficient because the record does not reflect that a plea offer was extended. We conclude that the state court's decision rejecting Hampton's claim of ineffective assistance of counsel was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that it was not based upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); see also Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We deny Hampton's motion to expand the certificate of appealability. See 9th Cir. R. 22–1(e); see also Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).

**AFFIRMED.**